RECEIVED
APR 1 7 2007
ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE, LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| | |
|---|---|
| JAMIE EDELKIND | CIVIL ACTION NO: 06-1813 |
| VERSUS | JUDGE DOHERTY |
| DANIEL BLANCHET, ET AL. | MAGISTRATE JUDGE METHVIN |

## RULING AND ORDER

Currently pending before the Court is a Motion for Recusal [Doc. 10] filed by plaintiff, Jamie Edelkind. Plaintiff has not articulated the statute upon which he bases his claim, however the Court presumes the motion is brought pursuant to 28 U.S.C. § 455,[1] as plaintiff has in no way complied with the requirements of 28 U.S.C. § 144.[2]

Plaintiff's entire motion consists of three sentences. No memorandum in support has been submitted to the Court. Plaintiff argues recusal is warranted because of "prejudice, bias, and animus stemming from Judge Doherty's involvement in criminal case no. 05-60067 - U.S. v. Edelkind"; the instant case "involves the exact same underlying issues in the previous criminal case"; and "Doherty is not able to separate her personal and prejudicial posture towards the plaintiff and must

---

[1] 28 U.S.C. § 455 provides in pertinent part that a judge shall disqualify himself "in any proceeding in which his impartiality might reasonably be questioned" and also "where he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding."

[2] 28 U.S.C. § 144 requires, amongst other items, that a timely affidavit be filed, containing specifically delineated factual information.

therefore be recused." Thus, it seems plaintiff argues because this Court presided over his previous criminal trial, it has developed prejudice, bias and animus toward plaintiff which cannot be overcome for purposes of plaintiff's civil suit.[3]

Recusal motions under § 455 are committed to the sound discretion of the trial judge. Chitimacha Tribe of La. v. Harry L. Laws, Co., 690 F.2d 1157, 1166 (5th Cir. 1982). A court must ask how the facts appear to the well-informed, thoughtful and objective observer, rather than the hypersensitive, cynical and suspicious person. United States v. Jordan, 49 F.3d 152, 156 (5th Cir. 1995). In the instant matter, not only has plaintiff failed to carry his burden of proof, but the motion is without merit. For the reasons stated in In re Corrugated Container Antitrust Litigation, 614 F.2d 958 (5th Cir. 1980) (the fact that the district judge presided in prior criminal litigation involving defendant did not disqualify judge from presiding over subsequent civil litigation.), this Court DENIES plaintiff's motion.

THUS DONE AND SIGNED this 17 day of April, 2007.

REBECCA F. DOHERTY
UNITED STATES DISTRICT JUDGE

---

[3] The Court notes plaintiff has provided no factual assertions in support of his three conclusory statements.